Ryan J. Works No. 9224
Amanda M. Perach No. 12399
**McDONALD CARANO LLP**
2300 W. Sahara Ave., Suite 1200
Las Vegas, NV 89102
Phone: (702) 873-4100
Email: rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

Raymond J. Tittmann, *pro hac vice forthcoming*
Isaac Walrath, *pro hac vice forthcoming*
Anneliese J. Bradley, *pro hac vice forthcoming*
**TITTMANN WEIX LLP**
*Mailing Address*
350 S. Grand Ave., Suite 1630
Los Angeles, CA 90071
Phone: (213) 797-0630
Email: rtittmann@tittmannweix.com
iwalrath@tittmannweix.com
abradley@tittmannweix.com

Attorneys for Plaintiff
VOYAGER INDEMNITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VOYAGER INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ARLENE F. LOPEZ, individually;<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff VOYAGER INDEMNITY INSURANCE COMPANY ("Voyager"), by and through their respective undersigned counsel, for its Complaint against Defendant ARLENE F. LOPEZ ("Lopez" or "Defendant") hereby alleges and states as follows:

## I.  INTRODUCTION

1. By way of this Complaint, Voyager seeks a judicial declaration as to the applicable policy limits with respect to an underlying civil action entitled *Arlene Lopez v. Mickey Tomar, et al.*,

1. Case. No. A-18-781639-C filed in the Eighth Judicial District of Clark County, Nevada (the "Underlying Action"). In particular, Voyager seeks a declaration that it responded in good faith to a policy limit demand and therefore its policy (the "Policy") is not "open" such that Voyager would have to pay above its limits.

2. The Underlying Action involved a January 8, 2017, car accident between Lopez and Micky Tomar, who rented a vehicle through the peer-to-peer sharing program Getaround, Inc. ("Getaround").

3. Counsel for Lopez issued a "Demand for policy limits" on or about June 28, 2018. The demand listed "Your Insured" as Voyager's named insured "Getaround, Inc." (the "Getaround Demand"). The policy limit for Getaround was $1 million. However, as the mere platform, Getaround in no way caused the accident, was not then or ever alleged factually to have caused the accident, and was ultimately dismissed by Lopez *with prejudice* for *no payment*. It is undisputed Getaround never faced liability.

4. Therefore, Voyager declined and instead offered the full policy limit available to *Mr. Tomar*, the at-fault driver who was also insured under the Policy, pursuant to the sublimit for *renters* on the platform, as Mr. Tomar was the liable insured (the "Tomar Offer"). Lopez did not accept this tender.

5. Lopez contends that Voyager should have accepted the Getaround Demand notwithstanding Getaround's non-liability. Voyager therefore seeks a declaration that the Getaround Demand was properly declined because it was both too much and too little. It was (a) excessive monetarily as to the corporate insured named in the demand, Getaround, due to Getaround's non-liability, and (b) deficient by failure to include in the release the individual insured, Tomar, who *was* liable and faced exposure. Acceptance of the Getaround Demand would have exhausted the Policy and left Tomar without insurance.

6. Therefore, not only was the decision to decline the Getaround Demand and submit the Tomar Offer consistent with Voyager's good faith obligation, it was the *only option* consistent with Voyager's good faith obligation. Acceptance of the Getaround Demand would have protected the non-liable corporate insured at the expense of the liable individual insured. Voyager had no choice other

than the one it made. If that counsel for Lopez (later replaced) was exercising good faith, he would have accepted the Tomar Offer immediately. Lopez' present theories turn bad faith law on its head.

## II. PARTIES

7. Voyager is a corporation organized and existing under the laws of the state of Georgia and operates its principal place of business in Atlanta, Georgia. At all times relevant to this Complaint, Voyager is and has been authorized to transact the business of insurance, and does transact the business of insurance, in the state of Nevada.

8. At all relevant times, ARLENE F. LOPEZ is and was a resident of Nevada.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it is an action between citizens of different states and the amount in controversy exceeds $75,000.00. In particular, Voyager is a citizen of Georgia and Defendant is a Nevada citizen. In addition, Defendant will seek recovery of $5,000,000.00 if this Court were to declare that Voyager acted in bad faith, making the amount in controversy in excess of $75,000.00.

10. Venue is proper for this action because the events, acts, and/or omissions giving rise to this claim for declaratory relief took place, in whole or in part, within the venue of this Court.

## IV. FACTUAL BACKGROUND

### A. The Policy

11. Voyager issued policy number SHR 1000004 04 to named insured Getaround which provided a combined single limit for bodily injury and property damage liability in the amount of $1 million. Notably, Endorsement VI1178EPC-0713 reduces these limits to three times greater than the state required minimums for private passenger autos. A true, correct, and complete copy of the Policy is attached to this Complaint as **Exhibit 1**.

12. Upon information and belief, Getaround is an online car sharing service that connects drivers who need to reserve cars with owners who share their cars in exchange for payment.

13. Getaround purchased the Policy from Voyager providing $1 million in liability limits for Getaround, sometimes referred to as the "platform coverage."

14. Getaround's Policy also includes renter coverage subject to a sublimit equal to "three

times greater than the state required minimums," or the owner's limit if greater. This sublimit is set forth in Endorsement VI1178EPC-0713:

> **C. Modification Of Liability Limits of Insurance**
>
> 1. The Liability limit of insurance shown in the Declarations is the limit of Liability coverage for the Named Insured and any of the Named Insured's "employees" or agents. This limit is reduced by the Liability limit of insurance for the person operating a covered "auto" as outlined in 2. Below.
>
> 2. The Liability limit of insurance for any person, other than the Named Insured and any of the Named lnsured's "employees" or agents, operating a covered "auto" in the course of "personal vehicle sharing" shall be three times greater than the state required minimums for private passenger autos or the limit of Liability insurance maintained by the registered owner of the covered "auto", whichever is greater, and shall reduce the combined single limit of insurance for the Named Insured shown in the Declarations and outlined in 1. above.

Policy, Form VI1178EPC-0713, at 1.

15. However, the $1 million limit is the maximum amount of coverage available, such that payment of this policy limit for Getaround would exhaust any available coverage for the renter.

16. This is pursuant to the Policy's insuring language, which provides that "[Voyager's] duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements." Policy, Form SHR 1000004 04, at 2.

17. It is also pursuant to the Limits of Insurance provision in the Policy, which provides, in pertinent part, as follows:

> **C. Limits of Insurance**
> Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

Policy, Form SHR 1000004 04, at 5.

### B.  The Underlying Action and Settlement Negotiations

18. On January 8, 2017, Tomar was driving a vehicle that he obtained through Getaround when he was involved in a motor vehicle accident with Lopez at the intersection of East Desert Inn Road and Athens Street in Clark County, Nevada.

4

19. On information and belief, Lopez suffered significant injuries in the collision.

20. Voyager accepted coverage of Tomar in connection with the incident as an Insured under the Policy.

21. On June 28, 2018, Defendant, through her attorneys, sent the Getaround Demand letter to Voyager, stating that "[t]he foregoing is a Demand *for policy limits*" (emphasis added). A true, correct, and complete copy of the Getaround Demand is attached to this Complaint as **Exhibit 2**. The Getaround Demand stated that "this is a time-sensitive demand that will expire within 21 days from the date of this letter. To accept this Demand, you must notify this office in writing by e-mail . . . or fax before 5:00 pm July 19, 2018."

22. The Getaround Demand listed "Getaround, Inc." as "Your Insured" in the subject heading of the letter. However, it did not raise facts or claims that could reasonably be construed as subjecting Getaround to any wrongdoing or liability. Rather, it only contained references to facts and claims against Tomar.

23. As the policy limit for Getaround was $1 million and Getaround faced no liability in this matter, a demand for $1 million as to Getaround would be unreasonable. Indeed, Defendant eventually dismissed Getaround with prejudice for $0.

24. Voyager did not accept the Getaround Demand.

25. Under the Policy, Tomar's limits were "three times greater than the state required minimums for private passenger autos or the limit of Liability insurance maintained by the registered owner of the covered "auto", whichever is greater." Endorsement VI1178EPC-0713. Because the registered owner's limits for bodily injury of an individual were $15,000, Tomar's limits were three times greater than the stated required minimums ($25,000), or $100,000 at most.[1]

26. Voyager verbally tendered the applicable limit of coverage under the Policy for Tomar, $100,000, on August 22, 2018. Voyager tendered the applicable limit of coverage for Tomar of $100,000 via letter on August 28, 2018, stating that "Voyager Indemnity Insurance Company hereby tenders our insured's $100,000 available liability coverage to Arlene Lopez, in exchange for a release

---

[1] Giving the benefit of doubt, Voyager assumed in its tender that "three times greater" than $25,000 is $100,000.

5

of all claims arising out of the above reference incident." A true, correct, and complete copy of the Tomar Offer is attached to this Complaint as **Exhibit 3**.

27. The August 28 Letter further explained that "endorsement VI1178EPC-0713 reduced these limits to three times greater than the state required minimums for private passenger autos."

28. With the Tomar Offer, Voyager provided an exemplar release for Defendant's signature.

29. On September 24, 2018, Defendant, filed the Underlying Action, entitled *Arlene F. Lopez v. Mickey A. Tomar, et al.*, Case No. A-18-781639-C in the Eighth Judicial District Court, Clark County, Nevada against Tomar, Getaround, GEICO Corporation, Edward Hsieh, Chad F. Campbell, DOES I – X, and ROE Entities I – X, seeking general damages, special and punitive damages, property damages, attorney's fees and costs, and interest at the statutory rate. A true, correct, and complete copy of the complaint in the Underlying Action is attached to this Complaint as **Exhibit 4**.

30. Counsel for Getaround advised counsel for Defendant Lopez of Getaround's intent to move for summary judgment, given the lack of any cognizable theory against Getaround. On August 7, 2021, Defendant Lopez agreed to dismiss Getaround from the Underlying Action with prejudice on a Stipulation and Order for Dismissal, for no payment.

31. Voyager and Defendant Lopez were unable to settle the Underlying Action on account of their disagreement over the applicable limits. In particular, Defendant Lopez contends that Voyager's non-acceptance of the Getaround Demand "opened the policy limit," notwithstanding that there was no case made then or ever that Getaround was exposed to any liability.

32. In order to protect Tomar from future liability and because the core dispute was a coverage dispute between Lopez and Voyager, Voyager negotiated a creative resolution to the Underlying Action by agreeing to litigate this coverage dispute and separately arbitrate the value of the Underlying Action, wherein Voyager fronted payment for the $100,000 undisputed amount in the Tomar Offer.

33. Therefore, on January 26, 2023, Voyager, Defendant, and Tomar entered into a fully executed Settlement Agreement ("Settlement Agreement") under which the parties agreed, in relevant part, that (1) the damage amount would be resolved by arbitration; (2) Tomar would be fully protected from any further liability and released from further litigation activity; (3) a $100,000 payment by

Voyager to Lopez for the undisputed amount, as noted, with this amount to offset any future judgment on claim(s) against Voyager assigned from Tomar to Defendant; and (4) an agreement to litigate the coverage issue before this Court in a declaratory relief action.

34. There is not any material or substantial dispute between Voyager and Defendant regarding the Settlement Agreement in the Underlying Action, but rather the Parties now litigate the reserved coverage dispute as a matter of law.

35. There is no dispute that Defendant's damages in the Underlying Action exceed the policy limits available to Tomar.

## V.    FIRST CAUSE OF ACTION

(Declaratory Relief under 28 U.S.C § 2201– Applicable Liability Coverage Limit of Insurance)

36. Voyager hereby incorporates each and every allegation of the preceding paragraphs as though fully set forth herein.

37. An actual justiciable controversy has arisen and now exists between Voyager, on the one hand, and Defendant, on the other hand, as to whether Voyager's rejection of the Getaround Demand and issuance of the Tomar Offer constitute bad faith.

38. Voyager's interests are adverse to Defendant's interests in this dispute and are ripe for judicial determination.

39. Defendant takes the position that Voyager acted in bad faith in failing to tender $1 million in response to her Getaround Demand. As such, Defendant takes the position that Voyager's policy limits are "open," meaning Voyager may not rely on the Liability Coverage Limit of Insurance as grounds for refusing to pay the entirety of any excess judgment or settlement in that action.

40. Voyager contends that the Getaround Demand was unreasonable on its face given Getaround's non-liability and eventual dismissal with prejudice for no payment.

41. Moreover, acceptance to release Getaround for $1 million would have exhausted the Policy and left Tomar fully exposed without any coverage. Not only was Voyager not required to accept, it was required *not* to accept, to comply with its good faith obligations.

42. Voyager then immediately tendered the $100,000 limits that were legitimately available

7

under the Policy and Endorsement VI1178EPC-0713. Therefore, Voyager acted reasonably and cannot be found to have acted in bad faith.

43. Voyager asserts that its conduct and communications described herein have at all relevant times been consistent with Voyager's obligations to its insured under the Policy and at law.

44. Voyager requests a Declaratory Judgment to affirm that Voyager is not liable in bad faith for tendering $100,000 rather than $1 million in response to Defendant's Getaround Demand.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Voyager Indemnity Insurance Company prays for the following relief:

1. For a declaration and order that Voyager is not liable for bad faith;
2. For costs and fees incurred herein; and
3. For any such other relief as the Court deems just and proper.

Dated: June 22, 2023                    McDONALD CARANO LLP

By: /s/ *Ryan J. Works*
    Ryan J. Works, Esq. (NSBN 9224)
    Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com
    aperach@mcdonaldcarano.com

AND

Raymond J. Tittmann, *pro hac vice forthcoming*
Isaac Walrath, *pro hac vice forthcoming*
Anneliese J. Bradley, *pro hac vice forthcoming*
**TITTMANN WEIX LLP**
*Mailing Address*
350 S. Grand Ave., Suite 1630
Los Angeles, CA 90071
Phone: (213) 797-0630
Email:   rtittmann@tittmannweix.com
         iwalrath@tittmannweix.com
         abradley@tittmannweix.com

*Attorneys for VOYAGER INDEMNITY INSURANCE COMPANY*

## INDEX OF EXHIBITS

| Description | Exhibit No. |
| --- | --- |
| Policy | 1 |
| Getaround Demand | 2 |
| Tomar Offer | 3 |
| Complaint in Case No. A-18-781639-C | 4 |